O

# United States District Court
# Central District of California

JAMES DICKEY, INC.,

    Plaintiff,

    v.

ALTERRA AMERICA INSURANCE COMPANY; MARKEL CORPORATION; DOES 1 through 20, inclusive,

    Defendants.

Case No. 2:15-cv-00963-ODW-DTB

**ORDER DENYING MOTION TO REMAND [11]**

## I. INTRODUCTION

Pending before the Court is Plaintiff James Dickey Inc.'s Motion to Remand. (ECF No. 11.) Plaintiff argues that Defendants Alterra America Insurance Company and Markel Corporation (collectively "Defendants") failed to prove the amount in controversy meets the threshold to establish diversity jurisdiction. For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Remand.[1]

///

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. BACKGROUND

On March 23, 2015, Plaintiff filed the instant action in the San Bernardino Superior Court, alleging that Defendants unreasonably and in bad faith withheld insurance benefits owed on a policy claim for Plaintiff's stolen tools. (Compl. ¶ 11.) Through its Complaint, Plaintiff seeks to recover damages including: lost insurance benefits; pecuniary contract damages; general, incidental, and special damages; economic losses; punitive and exemplary damages; and attorney and expert fees. (*Id.* at 6 ¶¶ 21–23; 7 ¶¶ 28–2; 8–9 ¶¶ 1–12.)

On May 15, 2015, Defendant Alterra timely removed the case to this Court, asserting diversity jurisdiction.[2] (Notice of Removal at 2.) On May 21, 2015, Plaintiff moved to remand, arguing against diversity jurisdiction and seeking fees for bringing the Motion. (ECF No. 11.) On June 1, 2015, Defendant Alterra opposed Plaintiff's Motion, and provided evidence in support of diversity jurisdiction. (ECF No. 15.) On June 8, 2015, Plaintiff replied, but provided no evidence regarding jurisdiction. (ECF No. 18.) That Motion is now before the Court for consideration.

## III. LEGAL STANDARDS

### A. Subject Matter Jurisdiction

A defendant may remove a suit filed in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). The removal statute is strictly construed, and any doubt as to the right of removal must be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing federal jurisdiction. *Id.*

Federal courts have original jurisdiction where an action arises from a federal question under 28 U.S.C. § 1331, or presents diversity under 28 U.S.C. § 1332.

---

[2] All necessary defendants joined in removal. (Notice of Removal at 4.) Plaintiff alleges it filed an amendment form in state court identifying Doe defendant 1 as American Wholesale Insurance Group ("AmWINS"), but neither party has submitted proof that AmWINS has been served. (Mot. at 1, Mauge Decl. ¶ 4.) Unserved codefendants need not join removal. *See Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011). Therefore, AmWINS's consent to removal is not required.

1   Diversity jurisdiction exists where the suit is between citizens of different states and
2   the amount put in controversy by a plaintiff's complaint, exclusive of interest and
3   costs, exceeds $75,000. 28 U.S.C. § 1332(a). For the purposes of diversity, a
4   corporation is a citizen of its state of incorporation as well as the state of its principal
5   place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92
6   (2010).

7   "[A] defendant's notice of removal need include only a plausible allegation
8   that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee
9   Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Only when a defendant's
10  allegation is challenged is evidence establishing the amount in controversy required.
11  *Id.* When a plaintiff challenges a defendant's allegation of jurisdiction, both sides
12  submit proof and the court determines by a preponderance of the evidence, meaning it
13  is more likely than not, that the jurisdictional threshold has been satisfied. *Ibarra v.
14  Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015) (citing *Dart*, 135 S. Ct. at
15  554.) A defendant need not prove that a plaintiff will recover, but only that, if a
16  plaintiff did recover on all claims, recovery would more likely than not exceed
17  $75,000. *Cain v. Hartford Life & Accident Ins.*, 890 F. Supp. 2d 1246, 1249 (C.D.
18  Cal. 2012). The court may consider evidence outside the complaint, including
19  evidence submitted in conjunction with an opposition to a motion to remand. *See
20  Ibarra*, 775 F.3d at 1197; *see also Willingham v. Morgan*, 395 U.S. 402, 407 n.3
21  (1969).

## IV. DISCUSSION

23  Plaintiff seeks to remand this case to state court, arguing Defendants failed to
24  establish that diversity jurisdiction existed at the time of removal. (Mot. at 1.)
25  Specifically, Plaintiff argues that Defendant Alterra failed to establish the parties'
26  citizenship in its Notice of Removal. (Mot. at 6.) In opposing Plaintiff's Motion,
27  Defendant Alterra submitted declarations and exhibits that demonstrate complete
28  diversity existed. (Opp'n at 11–14.) Plaintiff did not respond to Defendant Alterra's

assertions of citizenship. (ECF No. 18.) The Court therefore concludes that the parties do not dispute citizenship.

Plaintiff is a California corporation with its principal place of business in California. (Opp'n at 11.) Defendant Alterra is a Delaware corporation with a principal place of business in Virginia. (*Id.* at 12–13.) Defendant Markel is a Virginia corporation with a principal place of business in Virginia. (*Id.* at 12.) Finally, amended Doe Defendant AmWINS is a Delaware corporation with a principal place of business in North Carolina. (*Id.* at 13–14.) Thus, complete diversity exists between the parties.

Regarding the amount in controversy, Plaintiff seeks damages including: lost insurance benefits; pecuniary contract damages; general, incidental, and special damages; economic losses; punitive and exemplary damages; and attorney and expert fees. (Compl. at 6 ¶¶ 21–23; 7 ¶¶ 28–29; 8–9 ¶¶ 1–12.) Although Plaintiff seeks a multitude of damages, at issue here is whether Defendant Alterra proved that the amount in controversy more likely than not exceeds $75,000, when considering only the actual, punitive, and attorneys' fees damages. (Opp'n at 1.)

## A. Actual Damages

Plaintiff's Complaint alleges that Defendants unreasonably withheld insurance benefits owed on a policy claim for Plaintiff's stolen tools. (Compl. ¶ 10.) Although the Complaint states that Plaintiff "has in fact purchased hundreds of thousands of dollars of tools," Plaintiff's Reply acknowledges the claimed loss as $31,671.29, which is the amount reflected by Plaintiff's estimated replacement cost of the tools. (*Id.* ¶ 11; Reply at 2; Opp'n at 6, Ex. 1.) Thus, to meet the jurisdictional threshold, Defendant Alterra must establish that the remaining damages sought by Plaintiff would more likely than not exceed $43,328.71.

## B. Punitive Damages

Punitive damages may be considered in determining the amount in controversy in a civil action. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). In

California, a plaintiff may recover punitive damages for a breach of implied covenant if he proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294; *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp.447, 450 (S.D. Cal. 1995). As noted above, Plaintiff seeks such punitive damages. (Compl. ¶ 29.) Therefore, the Court may consider punitive damages when determining the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

When assessing the likely amount of punitive damages for jurisdictional purposes, courts may look to verdicts in analogous cases as a reasonable approximation, and "[t]he fact that the cited cases involve distinguishable facts is not dispositive." *Id.* "[R]easonable estimates are acceptable." *Nasiri v. Allstate Indem. Co.*, 41 F. App'x 76, 78 (9th Cir. 2002). Single-digit punitive damages ratios will generally satisfy due process. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 581 (1996) ("a comparison between the compensatory award and the punitive award is significant.").

Defendant Alterra cites to several bad faith insurance cases that involve loss of personal property similar in value to Plaintiff's. (Opp'n at 9–10.) The cited cases demonstrate a range of punitive damage awards from $64,417 to $646,471.53. (*Id.*) In this case, the jurisdictional threshold would be met with even the smallest cited punitive award. Plaintiff urges the Court to disregard the cited cases as distinguishable and to discount any punitive award as speculative, but otherwise provides no evidence for consideration. (Reply.) Were the Court to disregard the authority provided, even a conservative 2-to-1 ratio here would still produce a punitive award over $43,328.71, and thus meet the jurisdictional threshold.

## C. Attorneys' Fees

Attorneys' fees may be considered in determining the amount in controversy if they are recoverable by the plaintiff, either by statute or by contract. *Galt G/S v. JSS*

*Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Richmond*, 897 F. Supp. at 450. California law permits a plaintiff to recover reasonable attorneys' fees "[w]hen an insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the benefits due under a policy." *Brandt v. Super. Ct.*, 37 Cal. 3d 813, 815 (1985). As noted above, Plaintiff seeks such *Brandt* fees. (Compl. at 9 ¶ 9.) Therefore, the Court may consider them when assessing the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1034. For purposes of the amount in controversy, the Court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation. *See id.* Further, "[t]he Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement." *Cain*, 890 F. Supp. 2d at 1250.

The parties do not dispute that Plaintiff's attorneys bill at an hourly rate of $295. (Mot., Mauge Decl. ¶ 7; Opp'n at 7.) Additionally, Defendant Alterra cites to several bad faith insurance cases that involve loss of personal property similar in value to Plaintiff's. (Opp'n at 7–8.) The cited cases demonstrate a range of fee awards from $13,010 to $189,000. (*Id.*) Even a conservative average of that range would be enough to meet the jurisdictional threshold. Plaintiff urges the Court to disregard Defendant's cited cases as distinguishable, but provides no case authority in contrast. (Reply.) Therefore, the Court finds that Defendant Alterra has provided competent authority that a *Brandt* fee award could total over $43,328.71, and thus meet the jurisdictional threshold.

**D.     Plaintiff's Request for Attorneys' Fees**

Plaintiff requests attorneys' fees in the amount of $2,065 for bringing the instant Motion. As discussed above, the Court finds that the parties are diverse and the amount in controversy more likely than not exceeds $75,000. Therefore, diversity jurisdiction exists and removal was reasonable. In light of the Court's conclusions, Plaintiff's request for attorneys' fees is **DENIED**.

/ / /

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

July 27, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**