O

# United States District Court
# Central District of California

| | |
|---|---|
| JAMES DICKEY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALTERRA AMERICA INSURANCE COMPANY; MARKEL CORPORATION; and DOES 1–20, inclusive, <br><br> Defendants. | Case No. 5:15-cv-00963-ODW-DTB <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [16, 8] AND DENYING DEFENDANT ALTERRA AMERICA INSURANCE COMPANY'S MOTION TO STRIKE [7]** |

## I. INTRODUCTION

Pending before the Court is Defendant Markel Corporation's ("Markel") Motion to Dismiss the First, Second, and Third Causes of Action of Plaintiff James Dickey's ("Dickey") Complaint against Markel. (ECF No. 16.) Markel contends that it is not a signatory to the subject insurance policy, and is therefore not liable for its breach. Also pending before the Court is Defendant Alterra America Insurance Company's ("Alterra") Motion to Dismiss the Second Cause of Action of Plaintiff Dickey's Complaint against Alterra, and Motion to Strike Certain Portions of Plaintiff Dickey's Complaint. (ECF Nos. 8, 7.) Alterra contends that Dickey has failed to allege acts sufficient to constitute bad faith, and that a cause of action for breach of the

implied covenant of good faith cannot stand. For the reasons discussed below, the Court **GRANTS** Defendants Markel's and Alterra's Motions to Dismiss with leave to amend and **DENIES AS MOOT** Alterra's Motion to Strike.[1]

## II. FACTUAL BACKGROUND

On March 23, 2015, Dickey filed the instant action in the San Bernardino Superior Court, alleging that Defendants, in bad faith, withheld insurance benefits owed for Dickey's stolen tools and thereby breached their contract. (Compl. ¶¶ 11, 19, 26.) Specifically, Dickey alleges that on October 1, 2013, Defendants issued an inland marine insurance policy to Dickey, which provided coverage for his truck and tools. (*Id.* ¶¶ 1, 5, 7, 8.) On April 4, 2014, Dickey's truck and tools were stolen. (*Id.* ¶ 9.) Although his truck was later found and declared a total loss, his tools were never recovered. (*Id.*)

Dickey further alleges that although Defendants paid for the total loss of his truck, they withheld and continue to withhold payment for the tools despite the loss being "clearly covered" under the policy. (*Id.* ¶ 10.) Dickey alleges that he provided Defendants with inventories, receipts, price lists, and estimates from the tool manufacturer confirming the replacement costs of the tools. (*Id.* ¶ 11.)

Dickey additionally alleges that Defendants breached the implied covenant of good faith and fair dealing by failing to pay promptly for Dickey's stolen tools and by failing to do various acts in violation of the California Code of Regulations and California Insurance Code. (*Id.* ¶¶ 11, 14(a)–(g).)

On May 18, 2015, Alterra moved to dismiss the second cause of action (i.e. bad faith claim) and moved to strike portions of the complaint.[2] (ECF Nos. 7 and 8.) On May 29, 2015, Dickey opposed Alterra's Motions (ECF Nos. 13, 14) and Alterra replied on June 8, 2015 (ECF Nos. 19, 20). On June 5, 2015, Markel moved to dismiss the first, second and third causes of action. (ECF No. 16.) Dickey untimely

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[2] Alterra filed an amended Motion to Strike on May 19, 2015. (ECF No. 9.)

1 opposed on August 18, 2015. (ECF No. 25.) On August 25, 2015, Markel replied.
2 (ECF No. 27.) Both Markel and Altera's Motions are now before the Court for
3 consideration.

### III. LEGAL STANDARDS

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Furthermore, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

**A. Markel's Motion to Dismiss**

As an initial matter, Dickey did not oppose Markel's Motion until August 18, 2015, more than six weeks after opposing papers were due.[3] *See* Local Rule 7-9. Dickey alleges that he did not receive any prior electronic or written notice of the Motion until Markel's counsel informed him of it on Friday, August 14, 2015. (Opp'n 2.)[4] This argument is in contradiction to Markel's moving papers, which indicate that a Local Rule 7-3 conference occurred on May 14, 2015 (ECF No. 16) and an electronic notice of the motion was emailed to Mr. Bradford T. Child, Dickey's attorney (ECF No. 16-6). Further, Dickey has opposed two other motions (Alterra's Motions to Dismiss and Strike), and would have been put on notice of Markel's Motion when reviewing the docket. Dickey provides no other reason for failing to file a timely opposition, and therefore the Court may decline to consider Dickey's late-filed opposition. *See* Local Rule 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule.") Notwithstanding, as explained further below, considering Dickey's opposition does not change the Court's decision to grant Markel's Motion.

Markel argues that the Complaint fails to state a claim against Markel because it is not a signatory to the insurance contract. (Mot. 6.) To support this proposition, Markel provides the contested insurance contract in its moving papers. Although exhibits outside the complaint are generally not considered at the motion to dismiss stage, the Ninth Circuit has established that documents referred to in a complaint may be considered for the purposes of evaluating such a motion. *Branch v. Tunnell*, 14 F.3d, 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara,* 307 F.3d, 1119 (9th Cir. 2002). In this case, the Complaint exclusively relies upon the provisions of the insurance agreement and Dickey does not contest the

---

[3] The hearing date for the Motion was July 20, 2015. (*See* ECF No. 17.)

[4] As used in this section, the term "Mot." will refer to No. ECF 16, the term "Opp'n" will refer to No. ECF 25, and the term "Reply" will refer to ECF No. 27.

authenticity of the agreement presented by Markel.  Therefore, the Court may appropriately consider the insurance policy for purposes of this motion.

Generally, documents accompanying a policy are not necessarily part of that policy. *Elliott v. Geico Indemnity Co.*, 231 Cal. App. 4th 789, 798 (2014).  The subject insurance policy refers to Markel in two places: 1) On a "welcome letter" and 2) As a service mark appearing on the first three pages of the policy.  (Hellencamp Decl. Ex. 1, pp. 1–3.)  Excluding the welcome letter, which is not alleged as part of the policy, nor is necessarily so by default, the only references to Markel are three watermarks. (*Id.*)  In contrast, Alterra is mentioned by name several times throughout the policy. (*Id.*)  There is no reason to believe that three watermarks make one a signatory to a contract, absent additional corroborating signs.

Dickey argues that even if Markel is not a signatory to the contract, it acted as an agent or in a similar capacity to Alterra, and therefore held liable for breach of the contract. (Opp'n 5.)  Markel replies that Dickey did not allege that Markel acted as an agent or in a similar capacity to Alterra, but only that Doe defendants did so.  (Reply 6.)  In fact, the only reference to an agent in Dickey's complaint is where Dickey alleges that Doe defendants were agents and employees of Markel and Alterra.  (Compl. ¶ 6.)  Therefore, if Dickey contends there was an agent or similar relationship between Markel and Alterra, then Dickey must specifically so allege.

Dickey further argues that Markel may be liable because it ratified and approved the conduct of Alterra. (Opp'n 6.)  Dickey offers no other facts beyond its conclusory statement that Markel ratified conduct to support the conclusion. *Iqbal*, 556 U.S. at 664 ("A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.") Therefore, the Court finds that Markel is not a suitable party to Dickey's breach of contract claim, and **GRANTS** Markel's Motion to Dismiss as to all causes of action, with leave to amend.

## B. ALTERRA'S MOTION TO DISMISS

Alterra contends that Dickey fails to state facts sufficient to allege a claim for bad faith. (Mot. 1, 2.)[5] Specifically, Alterra argues that the facts supporting the claim for bad faith are conclusory and cannot stand by themselves. (Mot. 6, 7.) To successfully plead bad faith, plaintiff must allege facts demonstrating conduct beyond that of negligence. *Raisin Bargaining Ass'n v. Hartford Cas. Ins. Co.*, 715 F. Supp. 2d 1079, 1087–1088 (E.D. Cal. 2010). Dickey alleges that Alterra withheld and continues to withhold payments for Dickey's stolen tools and that Alterra failed to perform any investigation into the claim. (Opp'n 6.) These allegations do not rise to the level intent required to claim bad faith. Bad faith requires, at a minimum, the unreasonable withholding of payments under a policy. *Neal v. Farmers Inc. Exch.*, 32 Cal. 3d 910, 920 (1978). Although failure to investigate a claim thoroughly, as alleged by Dickey, is grounds for a bad faith action, *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal. 3d 809, 819 (1979), Dickey fails to provide any facts to support this conclusory allegation. Indeed, Dickey's Complaint states that Dickey received payment for his truck, which contradicts Dickey's claim by showing that some payment was provided. (Compl. ¶ 10.)

Additionally, Dickey makes several claims based on alleged violations of the California Code of Regulations and California Insurance Code. (Mot. 7, 8). These include, but are not limited to, failing to perform necessary, proper, and or timely investigation, and failing to tender payment to plaintiff within the required time period. (Opp'n 3, 4.) While Alterra admits that violations of these Codes do not in themselves give rise to a private cause of action, Dickey argues that the violations show actions taken by Alterra, which provide evidence of bad faith. (Mot. 7, 8; Opp'n 7.) The Court disagrees.

Mere recitation of the California Code of Regulations and Insurance Code, and

---

[5] As used in this section, the term "Mot." will refer to No. ECF 8 and the term "Opp'n" will refer to No. ECF 13.

claims that a defendant violated the codes, are largely legal conclusions framed as factual allegations. *Auto. Ass'n,* 84 Cal. App. 4th 715, 723 (2001). As such, they are insufficient to allege a claim of bad faith without further supporting factual allegations. Therefore, the Court finds that Dickey does not allege facts sufficient to plead a claim for "Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing," and **GRANTS** Alterra's Motion to Dismiss as to the second cause of action, with leave to amend.

### C. ALTERRA'S MOTION TO STRIKE

Alterra's Motion to Strike is largely dependent on its Motion to Dismiss. As explained above, Alterra contends that Dickey's claim for bad faith is unsupported and should therefore be dismissed. In its Motion to Strike, Alterra argues that if the claim for bad faith is dismissed, the Court should also strike the portion of Dickey's complaint seeking punitive damages. Because Dickey still has an opportunity to amend his Complaint and properly allege a claim for bad faith, the Court at this time **DENIES AS MOOT** Alterra's Motion to Strike.

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Markel's Motion to Dismiss and Alterra's Motion to Dismiss with leave to amend. (ECF Nos. 16, 8.) Further, the Court **DENIES AS MOOT** Defendant Alterra's Motion to Strike. (ECF No. 7.) Plaintiff shall file a first amended complaint by September 29, 2015.

**IT IS SO ORDERED.**

September 16, 2015

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**