Mark E. Hellenkamp, Esq., SBN 144708
David M. Plouff, Esq., SBN 157026
**MORRIS POLICH & PURDY LLP**
600 West Broadway, Suite 500
San Diego, California 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460
mhellenkamp@mpplaw.com
dplouff@mpplaw.com

Attorneys for Defendant EVANSTON
INSURANCE COMPANY, as
Successor by Merger With
Alterra America Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| JAMES DICKEY, INC, <br><br> Plaintiff, <br><br> vs. <br><br> ALTERRA AMERICA INSURANCE COMPANY, and DOES 1 through 20, Inclusive, <br><br> Defendants. | **CASE NO.: 5:15-cv-00963-ODW-DTB** <br><br> **DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD** <br><br> **Date:** July 3, 2017 <br> **Time:** 1:30 p.m. <br> **Dept.:** 11 <br> **Judge:** Otis D. Wright, II |

SD354645.DOCX

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD
CASE NO.: 5:15-cv-00963-ODW-DTB**

1
2

# **TABLE OF CONTENTS**

**PAGE**

I.  INTRODUCTION ................................................................................................1

II.  STATEMENT OF FACTS .................................................................................2

    A.  The Evanston Policy And Its Appraisal Provision .............................2

    B.  The Pre-Suit Claim Process................................................................2

    C.  The Court's Order Compelling JDI To Participate In Appraisal And The Parties' Selection Of Appraisers .........................................3

    D.  The Umpire's Disclosure Statement...................................................4

    E.  Evanston's Payment of the Claim ......................................................5

    F.  The Formal Appraisal .........................................................................5

    G.  The Meet And Confer Preceding The Filing Of This Motion .............7

III.  DISCUSSION ....................................................................................................8

    A.  JDI's Motion Is Untimely And Must Be Denied For This Reason Alone ...................................................................................................8

    B.  JDI's Motion Fails On The Merits .....................................................9

        1.  The Umpire Showed No Evident Partiality or Corruption. ......10

        2.  The Umpire Did Not Engage In Procedural Misconduct. ........12

            a)  The Umpire Properly Refused To Allow Irrelevant Testimony From A Purported Witness...........................12

            b)  The Umpire Reasonably Denied Mr. Twarowski's Request That The Appraisal Panel Meeting Be Continued...........................................................................15

            c)  Mr. Twarowski Was Not Prohibited From Participating In The Panel's Deliberations Or The Rendering Of The Award .............................................16

        3.  The Award Was Not Procured By Corruption, Fraud or Undue Means. ..........................................................................16

        4.  The Umpire Did Not Exceed His Powers. ...............................17

IV.  CONCLUSION.................................................................................................18

{SD269061;1}

i

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD CASE NO.:  5:15-cv-00963-ODW-DTB**

27
28

1

## <u>TABLE OF AUTHORITIES</u>

2
**PAGE**

3
**Cases**

4
*A.G. Edwards & Sons, Inc. v. McCollough,*
   967 F.2d 1401 (9th Cir.1992) ........................................................................16, 17

5

6
*Arutyunyan v. Cavalry Portfolio Servs.,*
   No. CV 12-4122 PSG AJWX, 2013 WL 843071 (C.D. Cal. Mar. 7, 2013)..........8

7
*Bosack v. Soward,*
   586 F.3d 1096 (9th Cir.2009) ...........................................................................9

8

9
*Carpenters 46 Northern California Counties Conference Board v. Meddles,*
   535 F.Supp. 775 (N.D.Cal.1981)........................................................................8

10
*Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.,*
   264 F. Supp. 2d 926 (N.D. Cal. 2003)...........................................................8, 13

11

12
*Collins v. D.R. Horton, Inc.,*
   505 F.3d 874 (9th Cir.2007) ...........................................................................17

13
*Comedy Club, Inc. v. Improv West Assocs.,*
   553 F.3d 1277 (9th Cir.2009)...........................................................................17

14

15
*Commonwealth Coatings Corp. v. Continental Casualty Co.,*
   393 U.S. 145 (1968) ...................................................................................10, 12

16
*Disorderly Kids, LLC v. Family Dollar Stores, Inc.,*
   No. CV125073FMOJCGX, 2015 WL 11117073 (C.D. Cal. Dec. 17, 2015) ........9

17

18
*Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh,*
   933 F.2d 1481 (9th Cir. 1991) .....................................................................13, 14

19
*Fordjour v. Washington Mut. Bank,*
   No. C 07-1446 MMC (PR), 2010 WL 2529093 (N.D. Cal. June 18, 2010)....9, 15

20

21
*Fortier v. Morgan Stanley DW, Inc.,*
   No. C06-3715 SC, 2006 WL 3020926 (N.D. Cal. Oct. 23, 2006) ......................10

22
*Hernandez v. Smart & Final, Inc.,*
   No. 09-CV-2266 BEN NLS, 2010 WL 2505683 (S.D. Cal. June 17, 2010) 10, 11, 17

23

24
*Hoteles Condado Beach v. Union de Tronquistas de Puerto Rico, Local 901,*
   763 F.2d 34 (1st Cir.1985)................................................................................13

25

26
*Kim-C1, LLC v. Valent Biosciences Corp.,*
   756 F.Supp.2d 1258 (E.D. Cal. 2010) ................................................................8

27

28
**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD
CASE NO.:  5:15-cv-00963-ODW-DTB**

*Lagstein v. Certain Underwriters at Lloyd's,*
   607 F.3d 634 (9th Cir.2010) ...................................................................17

*Middlesex Mutual Ins. Co. v. Levine,*
   675 F.2d 1197 (4th Cir.1982) ...............................................................11

*Mt. Holyoke Homes, L.P. v. Jeffer Mangels Butler & Mitchell, LLP,*
   219 Cal. App. 4th 1299 (2013) .............................................................10

*New Regency Prods., Inc. v. Nippon Herald Films, Inc.,*
   501 F.3d 1101 (9th Cir.2007) ...............................................................12

*Pacific West Securities, Inc. v. George,*
   No. C-13-4260 JSC, 2014 WL 894843 (N.D.Cal. Mar. 4, 2014) .......... 11, 12, 13

*Rude v. Brown,*
   No. 97-0203 DFL GGH, 1997 WL 1038220 (E.D. Cal. Nov. 7, 1997)................8

*Schmitz v. Zilveti,*
   20 F.3d 1043 (9th Cir.1994) ..................................................................10

*Sheet Metal Workers Int'l Ass'n v. Jason Mfg. Inc.,*
   900 F.2d 1392 (9th Cir.1990) ...............................................................15

*Toyota of Berkeley v. Automobile Salesman's Union, Local 1095,*
   834 F.2d 751 (9th Cir.1987) ..................................................................10

*U.S. Life Ins. Co. v. Superior Nat. Ins. Co.,*
   591 F.3d 1167 (9th Cir. 2010) ..........................................................13, 14

**Statutes**

9 U.S.C. § 12 ............................................................................................1, 8

9 U.S.C. §§ 1-16 ...........................................................................................8

9 U.S.C. §10 (a)(1)-(4) .................................................................................10

9 U.S.C. §10 (a)(3) ......................................................................................13

**Other Authorities**

Federal Arbitration Act ..........................................................................8, 9, 10

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD
CASE NO.:  5:15-cv-00963-ODW-DTB**

## I.   __INTRODUCTION__

The appraisal award plaintiff James Dickey, Inc. ("JDI") assails was for $27,237.28, which was $4,434.01 lower than the amount JDI sought.  The Motion to Vacate comes nearly seven months after the award was issued.  JDI had already delayed the appraisal process so thoroughly that it took over a year to complete. Under the circumstances, including the fact that this case is already over two years old, one would hope JDI had legitimate grounds for wanting to start the appraisal process over again.  Unfortunately, that is not the case.

As a threshold matter, the Motion is untimely under applicable federal law (9 U.S.C. § 12) and should be denied on this basis alone.  The grounds cited in the Motion are also bogus.  JDI claims the umpire did not disclose a "prior relationship" with the Morris, Polich & Purdy, LLP ("MPP") law firm, counsel for Evanston Insurance Company ("Evanston") in this matter, and prevented JDI's appraiser from introducing evidence and participating.  The "prior relationship" was as follows:  in 2010 the umpire was retained by Allstate Insurance Company as an appraiser on an unrelated claim being handled by MPP attorney Stephen Huchting. Mr. Huchting left MPP in December 2015, long before the umpire was selected and the appraisal took place, and MPP has not had any further dealings with the umpire until the instant matter.  JDI's own appraiser here, Eugene Twarowski, was also involved in that 2010 matter and thus was aware of that inconsequential relationship when he, yes, Mr. Twarowski, nominated the umpire for this case.  The other basis on which JDI's Motion is premised, that Mr. Twarowski was "prevented from introducing evidence and participating," also falls short, to put it mildly.  Mr. Twarowski, who had some 10 months to prepare for the appraisal, withdrew his request to offer witness testimony, *in writing*, two days before the appraisal hearing. That neither the umpire nor Evanston's appraiser found Mr. Twarowski's "no depreciation at all" position persuasive is plainly not a basis to vacate the award

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD**
**CASE NO.:  5:15-cv-00963-ODW-DTB**

1   under applicable law.

2       This Motion is meritless and should be denied.

3 **II.**   **STATEMENT OF FACTS**

4      **A.**    **The Evanston Policy And Its Appraisal Provision.**

5       Evanston issued an inland marine insurance policy to JDI which includes

6 coverage for stolen tools that are valued on an "actual cash value" basis ("ACV"),

7 i.e., the amount it would cost to replace the lost property at the time of the theft,

8 minus a fair and reasonable deduction for physical depreciation.  (See ECF No. 16-

9 5, pp. 4, 13 and 30.)  If the insurer and insured do not agree on the ACV, either

10 party can demand that the amount be determined by appraisal.  Each party selects

11 an appraiser and the appraisers then jointly select an umpire.  If the two appraisers

12 are unable to agree on the loss value, they must submit their differences to the

13 umpire.  A written agreement as to the amount of the loss signed by any two of the

14 three appraisers/umpire sets the amount of the loss.  (*Id.*, p. 25.)

15      **B.**    **The Pre-Suit Claim Process.**

16       Following JDI's April 4, 2014 notice of claim to Evanston that Snap-on

17 brand tools had been stolen from its premises, JDI did not provide a list of the tools

18 that had been stolen until three months later, and the list consisted of a  "tools

19 quote" from Snap-on that was based solely on the recollection of JDI's principal.

20 The Snap-on estimate for the replacement of the tools was in the amount of

21 $31,671.29.  (See ECF No. 32-2, ¶¶ 3-4; Hellenkamp Decl. ¶ 8; Exhibit "1" to

22 Evanston's Lodgment of Exhibits.)  Even though JDI produced nothing showing

23 that JDI had purchased the tools on the list, or when, or their condition at the time

24 of the theft, Evanston attempted to resolve the claim.  (ECF No. 32-2, ¶¶ 4 and 5.)

25 JDI responded by requesting that the claim be amended to include a previously

26 undisclosed claim for stolen gas, which Evanston agreed to do, but JDI then did not

27 produce a receipt showing the purchase of the gas before the theft until eight

28 {SD269061;1}

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD
CASE NO.: 5:15-cv-00963-ODW-DTB**

months later.  (*Id.*, ¶ 6.)  During April and May 2015, JDI's broker and Evanston's adjuster exchanged emails discussing the amount of depreciation to be applied to the tools[1] (*Id.*, ¶ 7), but it turned out that, unbeknownst to JDI's own broker or Evanston's adjuster, JDI had already filed this suit against Evanston in March 2015 (ECF No. 1-1, p.5).

### C.   The Court's Order Compelling JDI To Participate In Appraisal And The Parties' Selection Of Appraisers.

Evanston retained MPP attorney Mark Hellenkamp to defend the suit.  Mr. Hellenkamp immediately attempted to contact JDI's counsel to clarify the scope and extent of the claim and to resolve it, and continued to do so on at least eight occasions over a period of four-plus months, but JDI's counsel did not respond. (Hellenkamp Decl. ¶¶ 2-3.)  In October 2015, the Court granted Evanston's motion to compel JDI to participate in appraisal, which JDI would not stipulate to, but did not oppose.  (ECF No. 35; Hellenkamp Decl. ¶¶ 4-5.)

Evanston promptly gave notice of its selected appraiser, Daniel Smith, on October 13, 2015, but JDI waited until January 2016 to designate its appraiser, Eugene Twarowski, and did so only after Evanston threatened a motion to dismiss for failure to comply with the appraisal order.  (Hellenkamp Decl., ¶¶ 6-7.)

During the first six months of 2016, Mr. Twarowski consistently rejected all of Mr. Smith's umpire candidates, claiming (without substantiation) that they were all biased.  (Smith Decl., ¶ 4.)  In July 2016, the appraisers agreed to use Bo McCarthy as appraiser.  Mr. McCarthy was nominated by Mr. Twarowski. However, Mr. Twarowski then delayed in signing the single page appointment of umpire form for nearly two months (claiming he was too busy to sign it), and did so only after repeated demands from Mr. Hellenkamp's office.  (Smith Decl., ¶¶ 5-8;

---

[1]  April 2015 appears to have been the first time JDI or its broker questioned the amount of depreciation Evanston's adjuster had sought to apply some eight months earlier.

{SD269061;1}

3

1   Hellenkamp Decl. ¶ 9.)

2       **D.      The Umpire's Disclosure Statement.**

3       On September 12, 2016, Mr. McCarthy prepared a statement disclosing his

4   past dealings with the parties, their attorneys and the appraisers.  (McCarthy Decl.

5   ¶¶ 2-3, Exh. "2" to Evanston's Lodgment of Exhibits.)  Regarding Mr. Twarowski,

6   Mr. McCarthy stated:  "He was owners Appraiser on a case where I was the

7   Appraiser for the insurance company approx. 5 years ago."  (*Id.*, ¶ 4.)  Mr.

8   McCarthy was referring to a matter wherein he was hired in 2010 by attorney

9   Stephen Huchting of MPP's Los Angeles office to serve as Allstate Insurance

10  Company's appraiser on a property claim brought by an insured for whom Mr.

11  Twarowski was acting as a public adjuster (the "Allstate Claim").[2]  (*Id.*, ¶ 5.)  It is

12  also the only matter in which Mr. McCarthy was involved that also involved Mr.

13  Twarowski.  (*Id.*, ¶ 6.)  The Allstate Claim involved the determination of the

14  repair/replacement cost of a residential dwelling and personal property.  (*Id.*, ¶ 5.)

15  Indeed, MPP's records reflect that on March 18, 2010, Mr. Huchting provided

16  notice to Mr. Twarowski that Mr. McCarthy had been appointed as Allstate's

17  appraiser and thereafter included Mr. McCarthy as an addressee or "cc" on

18  numerous communications that were also sent to Mr. Twarowski.  (Hellenkamp

19  Decl. ¶ 19.)

20      The Allstate Claim was the only matter for which MPP ever retained Mr.

21  McCarthy to perform work, and Mr. Huchting left MPP at the end of 2015, more

22  than six months before Mr. McCarthy was chosen to serve as umpire in the instant

23  matter.  (Hellenkamp Decl. ¶ 19; McCarthy Decl. ¶ 6.)

24      JDI's copy of the disclosure statement attached to its motion includes a

25  notation apparently written by Mr. Twarowski and dated either September 17, 2016

26

27  [2] Mr. McCarthy's disclosure statement mistakenly identified Mr. Twarowski as the claimant's appraiser rather than the public adjuster.  (McCarthy Decl. ¶ 5.)

28  {SD269061;1}

4

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD CASE NO.:  5:15-cv-00963-ODW-DTB**

1   or November 17, 2016, which states "failed to disclose his [McCarthy's]

2   relationship w/ Morris, Polich & Purdy."  (ECF No. 58-1, Exh. "B", p. 10.)

3       Clearly, based on his role in the Allstate Claim in 2010, and his apparent

4   handwritten notation, Mr. Twarowski was aware that Mr. McCarthy had worked on

5   the Allstate Claim for MPP in 2010, but he did not raise an objection or otherwise

6   assert that Mr. McCarthy could not be impartial in the appraisal.  (Hellenkamp

7   Decl., ¶ 10.)

8       **E.    Evanston's Payment of the Claim.**

9       As JDI's counsel and appraiser continued to string out the appraisal process

10  for what seemed like forever (ultimately, over a year), JDI's counsel nonetheless

11  insisted that Evanston was "in bad faith" for not paying an "undisputed amount."

12  Therefore, in September 2016, Evanston retained a separate consultant to provide

13  an appraisal and, based on that appraisal, in October 2016, Evanston paid

14  $19,737.42 toward the claim under reservation of rights – its independent consultant

15  had appraised the tools at $20,737.42 (a $1,000 deductible applied).  (Hellenkamp

16  Decl. ¶ 11,)

17      **F.    The Formal Appraisal.**

18      The formal appraisal process still barely inching forward, during an October

19  20, 2016 phone call Mr. Smith and Mr. Twarowski could not come to an agreement

20  on the tools' ACV because Mr. Twarowski insisted that Snap-on tools do not

21  depreciate at all due to their purported lifetime replacement warranty.  Mr. Smith

22  therefore told Mr. Twarowski that they would require the umpire's services to

23  resolve the dispute.  (Smith Decl., ¶ 9.)  Mr. Twarowski sent an email to umpire Mr.

24  McCarthy later that day, stating that the appraisers were requesting that he now

25  participate because the appraisers could not agree on depreciation.  (Exhibit "C" to

26  ECF No. 58-1.)

27      During a November 7, 2016 phone conference, Mr. McCarthy told the

28  {SD269061;1}                                    5

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD
CASE NO.:  5:15-cv-00963-ODW-DTB**

appraisers that he wanted to meet with them to go over the documentation and to discuss their respective positions. (Smith Decl., ¶ 10.) Later that day, Mr. Twarowski emailed a list of potential dates to Mr. McCarthy and further stated: "If we are taking evidence or testimony, please advise so I may call [a] witness if deemed necessary." (ECF No. 58-1, Exh."E".) Mr. McCarthy responded: "I would expect you two [Messrs. Smith and Twarowski] to put on witnesses or bring any documents that strengthen your position on the case." [3] (*Id.*) Upon learning on November 14, 2016 that it appeared Mr. Twarowski was planning to bring a witness to the scheduled November 17, 2016 appraisal hearing, Mr. Hellenkamp sent a letter to the appraisal panel and JDI's attorney, on November 14, 2016, objecting to the last minute maneuver and demanding that JDI's attorney provide everyone with the identity of the witness, the nature and scope of the anticipated testimony, and the reasons why the information had not been provided previously to Messrs. Smith and McCarthy. (ECF No. 58-1, Exhibit "F"; Hellenkamp Decl. ¶ 12.) Mr. Twarowski responded in writing the next day, stating:

> "I am not calling any witness to testify at the panel meeting."

(Hellenkamp Decl. ¶ 13 and Exhibit "4" to Evanston's Lodgment of Exhibits.)

The appraisal panel meeting went forward on November 17, 2016. Mr. Smith presented his position regarding the depreciation he believed should be applied to the loss, and Mr. Twarowski presented his position that no depreciation should be applied because of a Snap-on lifetime warranty. (Smith Decl. ¶ 11; McCarthy Decl. ¶ 7.) When it became obvious that Mr. McCarthy had concluded that depreciation in some amount must be applied to the loss, Mr. Twarowski stated that he wanted additional time to present further evidence. Mr. McCarthy

---

[3] Paragraph 7 of Mr. Twarowski's declaration in support of JDI's motion further asserts that the umpire agreed the appraisers could call witnesses to address the condition of the tools and that a copy of the witness list is attached to his declaration as Exhibit "E.". However, Exhibit "E" to his declaration is the same as Exhibit "D" and does not include a witness list.

{SD269061;1}

6

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD**
**CASE NO.: 5:15-cv-00963-ODW-DTB**

responded that the panel would not adjourn for that purpose, that the appraisal would be completed that day, and that an award signed by Mr. McCarthy and Mr. Smith would be issued. (Smith Decl., ¶¶ 12-13; McCarthy Decl. ¶¶ 8-9.) Later that day, Mr. Twarowski sent an email to Messrs. McCarthy and Smith, objecting to the pending award. (Smith Decl. ¶ 14; Exhibit "5" to Evanston's Lodgment of Exhibits.)

The appraisal award was issued the next day in the amount of $27,237.28 which reflected the replacement cost of $31,671.29 minus depreciation of $4,434.01 (2% depreciation per year for seven years based on Mr. James Dickey's Examination Under Oath testimony that the tools were in excellent condition and were approximately 7 years old). (Smith Decl. ¶ 12; McCarthy Decl. ¶ 8; Exhibit "6 to Evanston's Lodgment of Exhibits.) After Mr. Hellenkamp sent JDI's counsel a November 28, 2016 email regarding the appraisal award, JDI's attorney responded on November 29, 2016, stating that neither he nor the insured's appraiser had received the award. Later that same day, Mr. Hellenkamp's office emailed a copy of the award to JDI's attorney. (Hellenkamp Decl. ¶ 15; Exhibit "7" to the Lodgment of Exhibits.)

On December 7, 2016, Evanston paid JDI $6,499.86, which was the difference between the appraisal award and the amount Evanston had paid in October 2016 after retaining a separate consultant appraiser. (Hellenkamp Decl. ¶ 16.) Despite having been paid the full $27,237.28 appraisal award (minus a $1,000 deductible), JDI claims it is entitled to the tool's full replacement cost of roughly $31,600, a dispute of approximately $4,400.

### G.   The Meet And Confer Preceding The Filing Of This Motion.

On March 21, 2017, Mr. Hellenkamp received an email from JDI's attorney stating that JDI intended to file a motion to vacate the appraisal award because Mr. McCarthy allegedly did not disclose potential conflicts and prevented JDI's

{SD269061;1}

7

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD CASE NO.:  5:15-cv-00963-ODW-DTB**

appraiser from submitting evidence.  (Hellenkamp Decl. ¶ 17; Exhibit "8" to the Lodgment of Exhibits.)  The next day, Mr. Hellenkamp received another email from JDI's attorney asserting that Mr. McCarthy had previously performed work for MPP, which he had not included in his disclosure statement.  (Hellenkamp Decl. ¶ 18; Exhibit "9" to Evanston's Lodgment of Documents.)  Following a March 27, 2017 phone call, Mr. Hellenkamp sent a letter to JDI's attorney explaining that the claimed grounds for the vacatur lacked merit and that under the Federal Arbitration Act applicable to the appraisal, a motion to vacate would be untimely.  JDI counsel did not respond.  (Hellenkamp Decl. ¶ 20; Exhibit "10" to Lodgment of Exhibits.)  Two and a half months later, JDI filed this motion.

## III.   DISCUSSION

### A.   JDI's Motion Is Untimely And Must Be Denied For This Reason Alone

Under the Federal Arbitration Act ("FAA"), a motion to vacate an award must be served within three months after the award is filed or delivered, and failure to meet this deadline bars the relief requested.  (9 U.S.C. section 12; *Carpenters 46 Northern California Counties Conference Board v. Meddles*, 535 F.Supp. 775, 779 (N.D.Cal.1981).)[4]

---

[4]  JDI's motion cites state law in asserting that the award should be vacated.  However, the Federal Arbitration Act applies (9 U.S.C. §§ 1-16.), as Evanston pointed out during the meet and confer process, which JDI's Motion simply ignores.  (Exhibit "10" to the Lodgment of Exhibits; *Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.*, 264 F. Supp. 926, 932-933 (N.D. Cal. 2003) ["the strong default presumption is that the FAA, not state law, supplies the rules for arbitration."; state law governs only if the parties "clearly evidence their intent to be bound by such rules"]; see also, *Kim-C1, LLC v. Valent Biosciences Corp.*, 756 F.Supp.2d 1258, 1262 (E.D. Cal. 2010) [same].)  Indeed, the court granted Evanston's unopposed Motion to Compel Appraisal and to Stay the Action (See ECF Nos. 32 and 35), which relied on the FAA as the basis to compel JDI to participate in the appraisal.  Dickey's failure to oppose that motion is an admission that the FAA controls.  (See e.g., *Arutyunyan v. Cavalry Portfolio Servs.*, No. CV 12-4122 PSG AJWX, 2013 WL 843071, at *2 (C.D. Cal. Mar. 7, 2013) [deeming motion contentions conceded where no opposition is filed]; *Rude v. Brown*, No. 97-0203 DFL GGH, 1997 WL 1038220, at *9 (E.D. Cal. Nov. 7, 1997) [same]; *Disorderly Kids, LLC v. Family*

[SD269061;1]

8

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD**

**CASE NO.:  5:15-cv-00963-ODW-DTB**

Here, JDI's attorney received the appraisal award on November 29, 2016. (Hellenkamp Decl., ¶ 15; Exhibit "7" to Evanston's Lodgment of Exhibits.)  Thus, JDI had until March 1, 2017 (three months from November 29, 2016) to serve Evanston with a motion to vacate the award.  Because JDI did not file and serve its Motion to Vacate until June 2, 2017 (see ECF No. 58), the Motion is clearly untimely.

Remarkably, since Evanston's counsel pointed out in the meet and confer process that the three-month deadline would bar JDI's proposed motion (Exhibit "10 to the Lodgment of Exhibits )[5], JDI makes no attempt to explain now how its Motion could possibly be timely.  Indeed, all grounds upon which JDI's Motion is based were discoverable with reasonable diligence – Mr. Twarowski was aware of all of them before the award was even issued.

This Motion is untimely and should be denied for this reason alone.

## B.   JDI's Motion Fails On The Merits

Judicial review of arbitration awards is narrowly limited by the FAA, which sets forth limited grounds on which a federal court may vacate an arbitration award. (*Fordjour v. Washington Mut. Bank*, No. C 07-1446 MMC (PR), 2010 WL 2529093, *2 (N.D. Cal. June 18, 2010), citing *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir.2009).)  Only four possible grounds are available: (1) the award was procured by corruption, fraud, or undue means; (2) evident partiality or corruption by the one or more arbitrators (appraisers); (3) an arbitrator was guilty of misconduct in refusing to hear pertinent and material evidence or any other misbehavior by which the rights of any party has been prejudiced; and (4) the arbitrator exceeded his powers or so imperfectly executed them that a mutual final

---

*Dollar Stores, Inc.*, No. CV125073FMOJCGX, 2015 WL 11117073, at *8 (C.D. Cal. Dec. 17, 2015) [same].)

[5]  Evanston's counsel received no response to its meet and confer letter generally or the statute of limitations argument in particular.  (Hellenkamp Decl., ¶ 20.)

{SD269061;1}

9

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD**
**CASE NO.:  5:15-cv-00963-ODW-DTB**

and definite award was not made. (9 U.S.C. §10 (a)(1)-(4).)  As explained below, JDI's motion raises only "evident partiality or corruption" by an appraiser and appraiser misconduct in refusing to hear relevant evidence.  Neither ground has any merit.[6]

### 1.   The Umpire Showed No Evident Partiality or Corruption.

Evident partiality or corruption is present when a neutral arbitrator fails to disclose facts that show a reasonable impression of partiality.  (*Schmitz v. Zilveti*, 20 F.3d 1043, 1046–47 (9th Cir.1994).)  Vacatur is appropriate only where the arbitrator's (umpire's) failure to disclose information gives the impression of bias in favor of one party.  (*Fortier v. Morgan Stanley DW, Inc.*, No. C06-3715 SC, 2006 WL 3020926, *2 (N.D. Cal. Oct. 23, 2006).)  Courts are reluctant to set aside awards on the basis of nondisclosure alone. (*Hernandez v. Smart & Final, Inc.*, No. 09-CV-2266 BEN NLS, 2010 WL 2505683, *7 (S.D. Cal. June 17, 2010) citing to *Toyota of Berkeley v. Automobile Salesman's Union, Local 1095*, 834 F.2d 751, 755 (9th Cir.1987).)  Moreover, failure to disclose a particular business relationship does not automatically result in vacatur if the relationship is trivial. (*Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 150 (1968) [recognizing that arbitrators who are often effective because of their connections to the marketplace should not be disqualified automatically by a

---

[6]  Despite the fact that during the meet and confer process Evanston made JDI aware of the FAA's application to the appraisal, JDI's motion relies on state law which requires a neutral arbitrator to disclose any dealings that could cause a person to reasonably entertain a doubt that the neutral arbitrator would be able to be impartial.  JDI admits that under this standard, ordinary and insignificant dealings do not require disclosure.  (*See also, e.g., Mt. Holyoke Homes, L.P. v. Jeffer Mangels Butler & Mitchell, LLP*, 219 Cal. App. 4th 1299, 1311 (2013), as modified on denial of reh'g (Oct. 23, 2013) [the standard " must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice"].)  Even if this standard applied, JDI's motion fails.  As explained herein, Mr. McCarthy did disclose his prior dealings with MPP, and even if that disclosure was somehow inadequate, his one-time service for another MPP attorney more than five years earlier involving unrelated subject matter could not cause a reasonable person to doubt that he would be able to be impartial in this matter.

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD**
**CASE NO.:  5:15-cv-00963-ODW-DTB**

business relationship with parties that is trivial]; *Pacific West Securities, Inc. v. George*, No. C-13-4260 JSC, 2014 WL 894843, *5 (N.D.Cal. Mar. 4, 2014) [court may not vacate award simply because an arbitrator failed to disclose a matter of some interest to a party; opponent must show that the undisclosed conflict was real and not trivial].) No evident partiality exists if the potential for bias is remote, uncertain and speculative as opposed to direct, definite and capable of demonstration. (*Hernandez v. Smart & Final, Inc.*, No. 09-CV-2266 BEN NLS, 2010 WL 2505683 *7 (S.D. Cal. June 17, 2010) citing *Middlesex Mutual Ins. Co. v. Levine*, 675 F.2d 1197, 1202 (4th Cir.1982). The party challenging the award has the burden of proof. (*Pacific West Securities, Inc. v. George*, No. C-13-4260 JSC, 2014 WL 894843, *2 (N.D.Cal. Mar. 4, 2014).)

Here, JDI argues that Mr. McCarthy failed to disclose a prior relationship with MPP. But, at best, that is not the whole story. Mr. McCarthy disclosed that he and Mr. Twarowski worked on a case about five years earlier where he served as the insurer's appraiser. (ECF No. 58-1, p. 10; McCarthy Decl. ¶ 4.) Although Mr. McCarthy did not identify MPP by name, Mr. Twarowski undoubtedly knew that Mr. McCarthy was referring to the Allstate Claim, where Mr. McCarthy had been retained by Allstate/an MPP attorney, because this was the only matter in which they were both involved, *and* apparently Mr. Twarowski made a notation about it on the disclosure statement prior to the panel meeting in this case. (McCarthy Decl. ¶ 6; Exhibit "B" to ECF No. 58-1.)

Even assuming that Mr. McCarthy's disclosure fell short (which it did not), this is insufficient to create a reasonable impression of bias necessary to vacate the award.

In March 2010, Allstate retained Mr. McCarthy to serve as Allstate's appraiser for an insurance claim involving the determination of the repair/replacement cost of a residential dwelling and personal property, which

{SD269061;1}

11

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD CASE NO.: 5:15-cv-00963-ODW-DTB**

former MPP attorney Stephen Huchting was handling for Allstate.  Prior to his retention in 2010, Mr. McCarthy had not performed any work involving either Mr. Huchting or MPP.  Since that time, Mr. McCarthy has not been retained by MPP for any purpose.  (McCarthy Decl. ¶¶ 5-6; Hellenkamp Decl. ¶ 19.)  Thus, he has no ongoing relationship with MPP or any expectation of future work from the firm that might otherwise cause a person to believe that he would be biased in favor of MPP or against JDI/Twarowski in this case.  In this context, his involvement in a single prior matter more than five years earlier, which involved a different insurance company and unrelated subject matter, does not establish that evident partiality exists.  (*Pacific West Securities, Inc. v. George*, No. C-13-4260 JSC, 2014 WL 894843, *5 (N.D.Cal. Mar. 4, 2014) ["evident partiality" would require the court to assume that the arbitrator's and defendant George's opposing viewpoints in a years-earlier controversy unrelated to the present arbitration would cause the arbitrator to now be partial to George's arbitration opponents; no case supports this view]; *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1111 (9th Cir.2007) [recognizing that "courts have rejected claims of evident partiality based on long past, attenuated, or insubstantial connections between a party and an arbitrator"]; compare, *Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145, 146 (1968) [potential bias found where neutral umpire failed to disclose that over a period of 4-5 years, he intermittently provided consulting services valued at roughly $12,000 to one of the parties, which included a project at issue in the arbitration].)

### 2. The Umpire Did Not Engage In Procedural Misconduct.

#### a) The Umpire Properly Refused To Allow Irrelevant Testimony From A Purported Witness.

An appraisal award can be vacated if the appraiser is guilty of misconduct in refusing to hear pertinent and material evidence or engages in any other

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD**
**CASE NO.:  5:15-cv-00963-ODW-DTB**

1  misbehavior by which the rights of any party has been prejudiced.  (9 U.S.C. §10

2  (a)(3).)  However, the appraisal process is not governed by the federal court's

3  procedural and evidentiary requirements.  (*U.S. Life Ins. Co. v. Superior Nat. Ins.*

4  *Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).)  Thus, arbitrators enjoy "wide discretion

5  to . . . admit or exclude evidence, how and when they see fit." (*Id.*)  The refusal to

6  consider irrelevant evidence is not a ground for vacating an award.  (*Employers Ins.*

7  *of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1490 (9th Cir.

8  1991) quoting *Hoteles Condado Beach v. Union de Tronquistas de Puerto Rico,*

9  *Local 901*, 763 F.2d 34, 40 (1st Cir.1985) ["An arbitration award must not be set

10 aside for the arbitrator's refusal to hear evidence that is ... irrelevant"].)  Moreover,

11 an arbitrator's ruling on procedural issues will not be overturned unless it had the

12 effect of denying the parties a fundamentally fair hearing, or was otherwise an

13 unreasonable decision that prejudiced the rights of a party. (*Certain Underwriters at*

14 *Lloyd's London v. Argonaut Ins. Co.*, 264 F. Supp. 2d 926, 941 (N.D. Cal. 2003).)

15 Indeed, a showing of prejudice is a prerequisite to relief based on an arbitrator's

16 evidentiary rulings.  (*Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co. of*

17 *Pittsburgh*, 933 F.2d 1481, 1490 (9th Cir.1991).)  The party seeking vacatur must

18 establish that the excluded evidence influenced the outcome of the arbitration.

19 (*Pacific West Securities*, *supra*, 2014 WL 894843, *6.)

20      Here, JDI contends that at the time of the November 17, 2016 panel meeting,

21 Mr. Twarowski was not allowed to present testimony from an unidentified Snap-on

22 representative who was allegedly prepared to offer testimony regarding:  (1) the

23 condition of JDI's tools, (2) the increase in Snap-on tools prices; and (3) Snap-on's

24 lifetime guarantee made to the original purchaser to replace any tool with which the

25 purchaser is dissatisfied.  However, just days earlier, after Evanston learned that

26 Mr. Twarowski had advised at the eleventh hour that he would bring a witness to

27 the meeting, and Evanston demanded that JDI disclose their identity and anticipated

28 {SD269061;1}

13

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD**
**CASE NO.:  5:15-cv-00963-ODW-DTB**

testimony, Mr. Twarowski unequivocally stated in writing that he "was not calling any witness to testify at the panel meeting." (Hellenkamp Decl. ¶¶ 12-13; Exhibit "4" to Lodgement of Exhibits.) Thus, it was wholly reasonable and appropriate for Mr. McCarthy, two days later, to exclude testimony from a purported witness that Mr. Twarowski allegedly had waiting in the wings.

Furthermore, as described, the witness' proposed testimony was irrelevant to the only issue before the panel, i.e., the tools' ACV, defined under the Evanston policy as the replacement cost at the time of the loss minus physical depreciation. JDI's motion does not explain how a Snap-on employee had any personal knowledge of the condition of the tools at the time they were stolen. Moreover, testimony regarding the tools' purported price increase (presumably since the April 2014 theft) would not show the cost to replace the tools at the time they were stolen, which is the only relevant ACV consideration. As for the lifetime replacement guarantee, JDI contends only that it applies if the original purchaser is ever dissatisfied with the tool and appears to suggest that Snap-on tools do not depreciation because of the warranty. However, JDI offers nothing to support the notion that the warranty requires Snap-on to replace a stolen tool, a proposition that seems to defy common sense in any event.[7]

Based on the above, it was well within Mr. McCarthy's purview to exclude evidence irrelevant to the ACV issue. (See, *U.S. Life Ins. Co.*, *supra,* and *Employers Ins. of Wausau*, *supra.*) No umpire misconduct occurred, and none has been demonstrated.

---

[7] If that were true, Snap-on would have been required to provide JDI with new tools after the theft, and no insurance claim would have been necessary.

{SD269061;1}

14

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD**
**CASE NO.:  5:15-cv-00963-ODW-DTB**

b)   **The Umpire Reasonably Denied Mr. Twarowski's Request That The Appraisal Panel Meeting Be Continued.**

A party to arbitration is not entitled to a postponement of the hearing merely by requesting one. (*Fordjour v. Washington Mut. Bank*, No. C 07-1446 MMC (PR), 2010 WL 2529093, *5 (N.D. Cal. June 18, 2010), citing *Sheet Metal Workers Int'l Ass'n v. Jason Mfg. Inc.*, 900 F.2d 1392, 1398 (9th Cir.1990).) Moreover, no misconduct exists if the arbitrator has a reasonable basis for refusing to postpone the hearing. (*Id.*)

JDI asserts that during the November 17, 2016 panel meeting, Mr. McCarthy continued the matter so that Mr. Twarowski could have additional time to obtain documentation regarding the year over year rise in Snap-on prices. JDI further contends that Mr. McCarthy and Mr. Smith then separately issued the award without Mr. Twarowski's involvement. However, both Mr. McCarthy and Mr. Smith state that there was no continuance and that Mr. Twarowski was told during the panel meeting that the appraisal would be completed that day and an award signed by Mr. McCarthy and Mr. Smith would be issued. (Smith Decl. ¶ 13; McCarthy Decl. ¶ 9.)

Mr. McCarthy's refusal to grant a continuance was reasonable. The sought-after evidence of increasing Snap-on prices would demonstrate nothing more than inflation rather than an absence of depreciation, which Mr. Twarowski apparently intended to argue. Additionally, the evidence would not show the cost to replace the tools at the time they were stolen, which is an essential element of ACV calculation required under the policy. Further, Mr. Twarowski was appointed as JDI's appraiser in January 2016. (Hellenkamp Decl. ¶ 7.) Thus, he had roughly eleven months to gather whatever evidence he needed to support his position on ACV. Instead, he waited until the panel meeting was underway to claim that he

{SD269061;1}                                        15

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD CASE NO.: 5:15-cv-00963-ODW-DTB**

1    needed more time.

2        Accordingly, Mr. McCarthy did not act inappropriately by reasonably

3    denying Mr. Twarowski's request for a continuance.

4           **c)**      **Mr. Twarowski Was Not Prohibited From**

5                     **Participating In The Panel's Deliberations Or The**

6                     **Rendering Of The Award.**

7        JDI contends that Mr. Twarowski was prevented from participating in the

8    panel's deliberations regarding ACV.  This is simply false.  Mr. Twarowski was

9    present during the entire panel meeting and was allowed to fully argue his position

10   that no depreciation should be applied because of Snap-on's lifetime guarantee.

11   (Smith Decl., ¶¶ 11-12; McCarthy Decl. ¶¶ 7-8.)  The simple fact is that the umpire

12   did not agree with Mr. Twarowski's position and therefore worked with Mr. Smith

13   at the panel meeting to determine a reasonable depreciation rate based on Mr. James

14   Dickey's EUO testimony regarding the tools' age and condition at the time of the

15   theft.  Mr. Twarowski was not prevented from participating in this process.  Rather,

16   he chose not to once the umpire had concluded that Mr. Twarowski's "no

17   depreciation" position was unsubstantiated.  His own decision in this regard does

18   not amount to misconduct by the umpire.

19          **3.**      **The Award Was Not Procured By Corruption, Fraud or**

20                    **Undue Means.**

21       JDI's motion does not appear to argue "corruption, fraud or undue means,"

22   and any such argument would be meritless in any event.

23       Vacatur due to an award procured by "corruption, fraud, or undue means"

24   must be based on more than just unfair conduct; it requires behavior that is

25   immoral, if not illegal. (*A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401,

26   1403 (9th Cir.1992)  The statute does not provide for vacatur in the event of any

27   fraudulent conduct, but only where the award itself is procured by corruption, fraud

28   {SD269061;1}

16

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD**
**CASE NO.:  5:15-cv-00963-ODW-DTB**

or undue means.  (*Hernandez v. Smart & Final, Inc.*, No. 09-CV-2266 BEN NLS, 2010 WL 2505683, at *9 (S.D. Cal. June 17, 2010).)  An appraiser's alleged failure to disclose a past relationship does support vacatur under this provision.  (*Id.*, citing *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir.1992) [an appraiser's failure to disclose a relationship with another party is not evidence of illegality or immorality].)

### 4.    The Umpire Did Not Exceed His Powers.

Likewise, JDI's motion does not appear to argue that Mr. McCarthy "exceeded his powers" as umpire, and any such argument would be meritless in any event.

An arbitrator exceeds his or her powers only when they express a manifest disregard for the law or issue an award that is completely irrational.  (*Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1290 (9th Cir.2009).  Manifest disregard of the law is more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law.  (*Lagstein v. Certain Underwriters at Lloyd's*, 607 F.3d 634, 642 (9th Cir.2010).)  It requires the moving party to show that the arbitrator understood and correctly stated the law, but disregard it.  (*Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir.2007).)  An award is completely irrational only if it is not derived from the party's agreement.  It does not depend on whether the panel's findings of fact are correct or internally consistent.  (*Lagstein*, *supra*, 607 F.3d at 642.)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

{SD269061;1}

17

## IV.    <u>CONCLUSION</u>

Based on the foregoing, Evanston respectfully requests that this Court deny JDI's motion to vacate the appraisal award and for such other and further relief as the court deems proper.


Dated:  June 19, 2017                    **MORRIS POLICH & PURDY LLP**


By:    <u>/s/ Mark E. Hellenkamp</u>
       Mark E. Hellenkamp
       David M. Plouff
       Attorneys for Defendant EVANSTON
       INSURANCE COMPANY, as
       Successor by Merger With
       Alterra America Insurance Company

{SD269061;1}

18

**DEFENDANT EVANSTON INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE APPRAISAL AWARD**
**CASE NO.:  5:15-cv-00963-ODW-DTB**